Submitted May 1, reversed and remanded June 17, 2015

In the Matter of M. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. E. M.,
*Appellant.*

Washington County Circuit Court
J120340;
Petition Number 02J120340;
A158395

352 P3d 1278

Peter Gartlan, Chief Defender, and Holly Telerant, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Inge D. Wells, Assistant Attorney-in-Charge, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

PER CURIAM

**PER CURIAM**

In this dependency case, the juvenile court entered a judgment taking jurisdiction over mother's child, M. That judgment was entered following a status hearing at which mother participated by telephone and, in the judgment, the court noted that mother was defaulted for failing to appear at the hearing in person, though she had appeared telephonically.

Mother, whose attorney had been present at the hearing, subsequently filed a motion to set aside the default and "the Judgment of Jurisdiction and Disposition that was entered as a result of the default," asserting that mother had appeared and participated in the hearing and, alternatively, that any "failure to appear was due to good cause or excusable neglect." In support of her motion, mother's attorney filed a declaration asserting that mother had appeared in person before the court in this case at several prior hearings, but that she had been mistaken about the date of the hearing in question and, although not physically present at the hearing, had participated by telephone. The court denied mother's motion to set aside the default.

Mother appeals, asserting that the "juvenile court erred in denying mother's motion to set aside its 'default' judgment asserting jurisdiction over [M]." She asserts, in part, that the juvenile court "had no authority to enter a 'default' judgment as a punitive measure when mother appeared by phone and through counsel for the scheduled status hearing." (Boldface omitted.) The Department of Human Services concedes that, "in the unique circumstances presented by this case," the juvenile court erred "in denying mother's motion to set the jurisdiction judgment aside, and the judgment should be reversed."

We agree with the parties that the juvenile court erred in denying mother's motion under the circumstances presented here. Accordingly, we reverse and remand to the juvenile court for further proceedings.

Reversed and remanded.